IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARTHUR LEE JONES,

    Defendant.                                          Case No. 96-cr-30059-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court is defendant Arthur Lee Jones' Motion to Modify Sentence Pursuant to **18 U.S.C. § 3582(c)(2)** (Doc. 267), to which the Government has filed a Response (Doc. 268). Defendant has also been granted leave to file an Amended Supplement to his Motion to Modify Sentence (Doc. 272), to which the Government has also responded (Doc. 275). Defendant seeks a post-sentence modification or reduction of his sentence based upon the 2007 Amendments to the United States Sentencing Guidelines ("U.S.S.G."), amending § 4A1.1 (including Application Note 6) and § 4A1.2(a)(2). Section 4A1.1 addresses the counting of multiple prior offenses when determining a defendant's criminal history points for a sentencing calculation. In his Motion, Defendant specifically discusses § 4A1.1(f).

Section 4A1.2(a)(2) provides instruction for determining whether a defendant's multiple prior sentences are to be counted separately or as a single sentence, when applying § 4A1.1 to determine a defendant's criminal history points.

Specifically, Defendant is referring to Amendment 709, which amended U.S.S.G. § 4A1.1(f) and Application Note 6, by simplifying the rules for counting multiple prior sentences and promotes consistency in the application of the guideline. Amendment 709 eliminates the use of the term "related cases" at § 4A1.2(a)(2) and instead used the terms "single" and "separate" sentences (Doc. 267, p. 3; *see also* Amendment 709, U.S.S.G. Guidelines Manual, Supplement to Appendix C, p. 238). Defendant also points out that Amendment 709 amended Application Note 6 to § 4A1.1 in order "to clarify that prior sentences that was [sic] imposed on the same day are to be counted as one sentence" (Doc. 267, p. 4). In sum, Defendant asserts that these amendments, as applied to him, should lead to a different calculation in his prior criminal history points, thereby resulting in a sentence reduction. Defendant explains that part of his prior criminal history included several juvenile adjudications, each of which bore the same case number and resulted in a single sentence (Doc. 267, p. 2).

In response, the Government contends that Amendment 709 cannot be applied retroactively and therefore, Defendant's Motion must be denied because the Court lacks jurisdiction to modify his sentence (Doc. 268, p. 2). In his Supplement to his Motion to Amend (Doc. 272), Defendant argues that Amendment 709 should be retroactively applied to his case because the amendment is merely a "clarification"

and not technically a substantive "amendment" to § 4A1.1 and § 4A1.2(a)(2). Responding, the Government argues that Amendment 709 should instead be characterized as a "substantive change" and thus, should not be retroactively applied (Doc. 275). Moreover, the Government believes that even should Amendment 709 be applicable to Defendant's case, it would not affect his criminal history points in order to result in a reduction of his sentence. The Court finds no reason to address Defendant's supplemental arguments nor to delve into the merits of why the application of Amendment 709 would or would not result in a reduction of Defendant's sentence, because it finds that Amendment 709 does not apply retroactively.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. ***See Carlisle v. United States*, 517 U.S. 416 (1996)**. **18 U.S.C. § 3582** defines the circumstances under which district courts may modify sentences and otherwise *prohibits* district courts from doing so, unless "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." **18 U.S.C. § 3582(c)(1)(B)**. Section **3582(c)(2)** provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added); *see United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999).

The Court finds Defendant is not entitled to relief under **§ 3582(c)(2)**. None of the bases set forth in § 3582 for modification of a sentence are applicable here. Section 1.B1.10 of the U.S.S.G. is the relevant "policy statement" concerning the application of amendments to the U.S.S.G. This section specifically and exhaustively lists the amendments that are to be retroactively applied under § 3582(c)(2). **See U.S.S.G. § 1B1.10(c)**. It further provides, "[i[f none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized." **U.S.S.G. § 1B1.10(a)**.

Amendment 709 went into effect on November 1, 2007, which was subsequent to Defendant's sentencing. Amendment 709 does not apply retroactively pursuant to section § 3582 because it is not included in § 1B1.10(c)'s list of retroactively applicable amendments. In fact, the Seventh Circuit has recently held that Amendment 709 "changes the guideline rather than merely clarifying it." ***United States v. Alexander*, 553 F.3d 591, 592-93 (7th Cir. 2009) (citing *United States v. Wood*, 526 F.3d 82, 87-88 (3d Cir. 2008) and *United States v. Marler*, 527 F.3d 874, 877 N.1 (9th Cir. 2008))**. The Seventh Circuit further held that Amendment 709 is not retroactive. ***Id.* at 593 (declining to follow *United States v. Godin*, 522 F.3d 133 (1st Cir. 2008); citing *United States v. Tanner*, 544 F.3d 793, 796-97 (7th Cir. 2008))**. Therefore, this Court is without jurisdiction

to entertain Defendant's Motion and neither 18 U.S.C. § 3582 nor the amended U.S.S.G. § 4A1.1 (and Application Note 6) or § 4A1.2(a)(2) provide any basis for the requested modification of his sentence. **See, e.g., Ebbole v. United States, 8 F.3d 530, 539 (7th Cir. 1993)(declining to apply U.S.S.G. § 3E1.1 retroactively on grounds that amendment to section did not appear in list of amendments in section 1B1.10(d))** .

Accordingly, the Court is without jurisdiction to modify Defendant's sentence and therefore his Motion to Modify Sentence Pursuant to **18 U.S.C. § 3582(c)(2)** (Docs. 267) is hereby **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**

Signed this 22nd day of April, 2009.

/s/ David R Herndon
**Chief Judge
United States District Court**